ECF FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON
Case NO. _____

JUDY VAN SCHUYVER

9314 Evergreen Dr.

Florence, KY  41042                                                    PLAINTIFF

Vs.

BWF AMERICA, INC.

c/o CT CORPORATION

Statutory Agent

306 W. Main St., Suite 512

Frankfort, KY  40601                                                    DEFENDANT

**COMPLAINT**

**JURY DEMAND**

NOW COMES PLAINTIFF, JUDY VANSCHUYVER, by and through counsel, and for her

Complaint against defendant, BWF AMERICA, INC., states as follows.

**JURISDICTION**

1.   This case arises under the American's with Disabilities Act, 42 U.S.C. sec. 12111, et seq.,

the Age Discrimination Act, 29 U.S.C. sec 623, et seq., and KRS 344.040.

2.  Jurisdiction over the state law claims is invoked pursuant to the doctrine of pendent

jurisdiction.

1

**VENUE**

3.   Venue is laid in this district pursuant to 28 U.S.C. Sec. 1391 in that the defendant is doing business at 7453 Empire Dr., Florence, KY  41042, and the claims alleged herein arose in Boone County, Kentucky.

**PARTIES**

PLAINTIFF

4.   Plaintiff is a resident of Boone County, Kentucky.

DEFENDANT

5.   Defendant is a corporation duly formed and existing under the laws of the Commonwealth of Kentucky. It is in the business of manufacturing filtration bags.

**FACTUAL BACKGROUND**

6.   Plaintiff is 70 years of age.

7.   Plaintiff began working for the defendant in February 1996, in the position of Packer in the Packing Area.  Her duties consisted of packing the finished product in boxes and taping them shut for shipping.

8.   Plaintiff received satisfactory evaluations and raises and had perfect attendance.

9.   In 2006, she was diagnosed with Osteopenia and was prescribed Fosamax. Her physician released her to return to work with no restrictions.

10. Plaintiff retired in June 2007.

11. In October 2007, plaintiff returned to work for the defendant. She worked part-time as a Packer in the packing area. Her duties were identical to those she performed prior to retirement. She worked anywhere from two to five days a week, eight hours per day.

12. In February 2010, she suffered a mini-stroke. She was hospitalized for three days. Her physician released her to return to work with no restrictions.

13. When she returned to work, her supervisor, Jasmine (last name unknown), placed her in the Banding department working as a Floater. She worked part-time, anywhere from two to five days a week, eight hours a day.

14. In December 2011, the defendant reduced plaintiff's hours.

15. Plaintiff's last day of work was December 18, 2011.

16. The following week, plaintiff asked her supervisor, Jasmine (last name unknown), when she would be scheduled to work again. Jasmine told her that she would call her when things picked up.

17. When plaintiff had not been contacted by the second week of January 2012, she went to the defendant's place of business and asked Jasmine when she would be returning to work.  Jasmine told her that she was not needed at this time.

18. When plaintiff had not been called back by February 2012, she returned to defendant's place of business. There she spoke with Mr. Marlar, the Plant Manager. She asked him what her employment status was.

19. Mr. Marlar told her that due to her age and medical restrictions the defendant could not bring her back.

20. Upon information and belief, defendant hired younger employees to replace plaintiff.

3

21. Throughout her employment, plaintiff received regular compensation increases, consistently favorable job performance evaluations, and was never informed that her job performance was unsatisfactory. Plaintiff was never disciplined nor was any other corrective action taken against her at any time during her employment.

22. Defendant acted recklessly or intentionally in its treatment of plaintiff and without regard for her legal rights.

23. Defendant acted deliberately and intentionally to discriminate against plaintiff and to deprive her of her legal rights.

24. As a direct and proximate result of defendant's conduct, as set forth above, plaintiff has suffered loss of compensation, loss of the opportunity to be able to continue the gainful employment in which she has been engaged for numerous prior years, loss and diminution of future earnings.

25. Plaintiff filed a timely charge with the Equal Employment Opportunity, Charge no.473-2012-000762.

26. Plaintiff received a Notice of Right to Sue and timely filed this Complaint.


**COUNT I**
**(American with Disabilities Act, 42 U.S.C. 12111, et seq.)**

27. Plaintiff incorporates paragraphs no. one (1) through twenty-six (26) herein as if fully rewritten.

28. The ADA makes it unlawful, in part, to discriminate against an individual because of a perceived disability.

4

29. Plaintiff is a qualified individual without a disability. Plaintiff could perform the essential functions of the job, with or without an accommodation.

30. Plaintiff was performing her duties at a level that met the employer's legitimate expectations.

31. Notwithstanding that plaintiff was performing her duties in a satisfactory manner, the defendant acting through its employees engaged in disability discrimination against plaintiff.

32. Defendant engaged in disability discrimination against plaintiff because of her perceived disability in violation of 42 U.S.C. 12111, et seq.

33. As a direct and proximate result of defendant's actions taken against plaintiff because of her perceived disability, in violation of 42 U.S.C. 12111, et seq., plaintiff is entitled to back pay, interest, damages, lost future earnings, front pay, punitive and compensatory damages, costs, expenses and reasonable attorney fees.


**COUNT II**
**(Age Discrimination Act, 29 U.S.C. 623)**


34. Plaintiff incorporates paragraph one (1) through thirty-three (33) herein as if fully rewritten.

35. The ADEA makes it unlawful for an employer to "discharge any individual…because of his age…." 29 U.S.C. sec. 623(a)(1).

36. By terminating plaintiff the defendant violated the ADEA as plaintiff was 70 years of age and because her age was a determining factor in the defendant's decision to discharge plaintiff. 29 U.S.C. sec. 623.

37. By terminating plaintiff, the defendant willfully violated the ADEA as plaintiff was 70 years of age and because her age was a predominant factor in the defendant's decision to discharge plaintiff. 29 U.S.C. sec. 626(b).

38. Plaintiff was performing her duties at a level that met the defendant's legitimate expectations.

39. Notwithstanding that plaintiff was satisfactorily performing her duties, she was discharged despite the adequacy of her work in violation of the ADEA. 29 U.S.C. sec. 626.

40. Defendant replaced plaintiff with a less experienced, younger individual who was substantially younger than plaintiff.

41. As a direct and proximate result of defendant's actions taking against plaintiff because of her age, in violation of the ADEA, 29 U.S.C. sec. 621, et seq. plaintiff is entitled to back wages, interest, lost future earnings, front pay, liquidated damages, expenses, costs and reasonable attorney fees.

**COUNT III**
**(KRS 344.040(1)(b); KRS 344.050)**

42. Plaintiff reincorporates paragraphs one (1) through forty-one (41) herein as if fully rewritten.

43. The KRS 344.040 makes it unlawful, in part, to discriminate against an individual because of a perceived disability.

44. Plaintiff is a qualified individual without a disability. Plaintiff could perform the essential functions of the job, with or without an accommodation.

45. Plaintiff was performing her duties at a level that met the employer's legitimate expectations.

46. Notwithstanding that plaintiff was performing her duties in a satisfactory manner, the defendant acting through its employees engaged in disability discrimination against plaintiff.

47. Defendant engaged in disability discrimination against plaintiff because of her perceived disability in violation of KRS 344.040.

48. As a direct and proximate result of defendant's actions taken against plaintiff because of her perceived disability, in violation of 344.040, plaintiff is entitled to back pay, interest, damages for lost future earnings, front pay, punitive and compensatory damages, costs, expenses and reasonable attorney fees.


**COUNT IV**
**(KRS 344.040(1)(b); KRS 344.050)**

49. Plaintiff incorporates paragraph one (1) through forty-eight (48) herein as if fully rewritten.

50. The KRS 344.040 makes it unlawful for an employer to "discharge any individual…because of his age…."

7

51. By terminating plaintiff the defendant violated the KRS 344.040 as plaintiff was 70 years of age and because her age was a determining factor in the defendant's decision to discharge plaintiff.

52. By terminating plaintiff, the defendant willfully violated the KRS 344.040 as plaintiff was 70 years of age and because her age was a predominant factor in the defendant's decision to discharge plaintiff.

53. Plaintiff was performing her duties at a level that met the defendant's legitimate expectations.

54. Notwithstanding that plaintiff was satisfactorily performing her duties, she was discharged despite the adequacy of her work in violation of the KRS 344.040.

55. Defendant replaced plaintiff with a less experienced, younger individual who was substantially younger than plaintiff.

56. As a direct and proximate result of defendant's actions taking against plaintiff because of her age, in violation of KRS 344.040, plaintiff is entitled to back wages, interest, lost future earnings, front pay, liquidated damages, expenses, costs and reasonable attorney fees.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

1.  Enter an order that defendant violated the laws of the United States and the Commonwealth of Kentucky.

2.  Enter a judgment in favor of plaintiff and against defendant.

3.  Award plaintiff compensatory damages including but not limited to lost back and front wages, liquidated damages, punitive damages, and losses arising from adverse health effects, mental and emotional distress, and for humiliation, embarrassment, loss of reputation and loss of self-esteem.

4.  Award reasonable attorney fees, costs, pre and post judgment interest and expenses.

5.  Any and all other relief as it may deem just and proper.


/s/ Teresa Cunningham
Teresa Cunningham
75 Cavalier Blvd., Suite 212
Florence, KY  41042
859-371-7300
859-371-7301 fax
tcunningham@isoc.net


**JURY DEMAND**

Plaintiff herewith demands a trial by jury.


/s/ Teresa Cunningham
Teresa Cunningham